107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Anthony BROWN, Plaintiff-Appellant,
v.
Allen D. LONG, Defendant-Appellee.
 No. 96-5567.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Roger Anthony Brown appeals a district court judgment dismissing as frivolous his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Brown filed his complaint in the district court alleging that while he was confined in segregation in the Northpoint Training Center in Burgin, Kentucky, he was denied access to a telephone to call his aged mother. Allen D. Long, employed as a correctional unit administrator at the institution, was named as defendant in his individual capacity. The magistrate judge recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint, but granted plaintiff leave to appeal in forma pauperis. This timely appeal followed.
 
 
 4
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether a claim is frivolous under § 1915(d), a court need not "accept as 'having an arguable basis in fact' ... all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of the plaintiff." Id. Here, the district court did not abuse its discretion in dismissing plaintiff's complaint.
 
 
 5
 First, plaintiff has no constitutional right to unlimited access to a telephone, particularly during his confinement in segregation. See Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir.), cert. denied, 493 U.S. 895 (1989); Winfrey v. Ultsch, 895 F.Supp. 229, 230-31 (E.D.Wis.1995); Muslim v. Frame, 854 F.Supp. 1215, 1227 (E.D.Pa.1994). Here, plaintiff was not denied the use of the telephone to contact his mother for an extended period.
 
 
 6
 Plaintiff's remaining claims on appeal were not asserted in the district court and will not be considered in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation